UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 00-cr-0242

ANTHONY KNIGHT,

        Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

      Anthony Knight asks the Court to reduce his sentence pursuant to 18 U.S.C. §3582(c), offering two primary grounds for relief. (ECF No. 287.) First, Knight argues that his sentence should be reduced pursuant to Sentencing Guidelines Amendment 782, which lowered the penalties for drug offenses by reducing most offense levels on the Guidelines' Drug Quantity Table by two points. Second, Knight contends his situation presents extraordinary and compelling circumstances for a sentence reduction. Knight's request for a sentence reduction will be denied. His guideline range is not altered by Amendment 782 because the relevant conduct attributable to him involved at least 450 kilograms of cocaine, an amount that still triggers a base offense level of 38. And, regardless, Knight does not present extraordinary and compelling reasons justifying a reduction in his sentence.

## BACKGROUND

      Between 1993 and 1999, Defendant Anthony Knight was the "organizer and leader" of a drug-trafficking organization running a "complex scheme to traffic large quantities of cocaine from Los Angeles, California to Milwaukee, Wisconsin." *United States v. Knight*, 342 F.3d 697, 701 (7th Cir. 2003). On August 9, 2001, a jury found Knight guilty of Possession with Intent to Distribute in Excess of Five Kilograms Cocaine (Count One) and Conspiracy to Possess with Intent to Distribute in Excess of Five Kilograms of Cocaine (Count Two). (ECF No. 92.) At Knight's sentencing hearing in 2001, this Court determined Knight's offenses involved more than 150 kilograms of cocaine. At the time, that finding put Knight in the highest drug-quantity range

under the U.S. Sentencing Guidelines, which, pre-*Booker*, were mandatory. The Court concluded Knight's ultimate guidelines sentencing range, after accounting for other enhancements, was "life." On November 28, 2001, the court imposed a sentence of life imprisonment on each count to run concurrently. Knight has served 23 years of his life sentence and is currently incarcerated at USP-Florence in Florence, Colorado.

On November 2, 2023, Knight filed a motion for sentence reduction pursuant to 18 U.S.C. §3582(c). (ECF No. 287.) The Court ordered the government to respond to Knight's motion and on January 19, 2023, the government filed a brief in opposition. (ECF No. 292.) Knight has opted not to file a reply brief. On February 1, 2023, however, Knight's spouse filed a letter in support of his motion. (ECF No. 293.)

## ANALYSIS

Under 18 U.S.C. §3582(c), a court is generally not allowed to modify a sentence of imprisonment. Knight invokes two limited exceptions to this general rule. Citing 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10, Knight first contends that the adoption of Amendment 728 after his sentencing authorizes the Court to reduce his sentence because it lowered the sentencing range that applied to him. He also invokes Section 3582(c)(1)(A)(i) to argue he is entitled to a lower sentence on "compassionate release" grounds. For the reasons set forth below, his motion will be denied.

**I.      Knight Is Not Entitled to Relief Pursuant to Sentencing Guidelines Amendment 782.**

Under 18 U.S.C. §3582(c)(2), the Court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §944(o)." In considering a request under this provision, the Court must consider the factors set forth in 18 U.S.C. §3553(a) and ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Knight contends that his sentence should be reduced pursuant to Sentencing Guidelines Amendment 782, which lowered the penalties for drug offenses by reducing most offense levels on the Guidelines' Drug Quantity Table by two points. (ECF No. 287 at 4 (citing *United States. v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).) Knight argues that if he were sentenced today, his guidelines range would be 360 months, the exact term the government offered, and Knight rejected, in a written plea agreement. (*Id.* at 5-6.) Knight's co-conspirator Troy Williams made

the same argument eight years ago and it was rejected by Judge Randa, the judge who sentenced both Williams and Knight. (ECF Nos. 229 & 235). In denying Williams' motion, Judge Randa explained that Williams, who was Knight's second in command, "was responsible for at least 450 kilograms of cocaine – probably more." (ECF No. 235.) And because a base offense level of 38 requires responsibility for more than 450 kilograms of cocaine, Amendment 782 did not lower the applicable guideline range. *Id.*

Judge Randa's reasoning applies equally to Knight's request. Knight's Presentence Report provides that "[i]n total, the evidence shows this conspiracy trafficked in excess of 1,000 kilograms of cocaine to Milwaukee and other cities during the time period alleged in the Indictment." (Knight PSR ¶33.) The PSR further detailed specific examples of the drug dealing activities of Knight and his co-conspirators from 1993 through 1999 that established that Knight was responsible for more than 450 kilograms of cocaine. (PSR ¶¶16, 18-20, 22-25, 27, 32, 39-45); *see United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010) ("[N]othing prevents the court from making new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination."). Since Amendment 782 did not lower the applicable guidelines range, Knight is not entitled to a reduction in sentence. U.S.S.G. §1B1.10(a)(2)(B).

**II.     Knight Is Not Entitled to Compassionate Release.**

The Court's consideration of a compassionate release motion is a multi-step process. "[T]he defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) or wait 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Sanford*, 986 F.3d 779, 781-82 (7th Cir. 2021) (internal quotations omitted). If this "exhaustion" requirement is satisfied, the Court must then determine whether there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence, consistent with the sentencing factors set forth in 18 U.S.C. §3553(a). Additionally, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A). The Sentencing Commission, however, has not issued a policy statement applicable to a compassionate release motion filed by a prisoner. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020) ("[T]he Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release."). Until the Sentencing Commission updates its policy statement to reflect prisoner-initiated motions for compassionate release, the

district courts maintain broad discretion in determining what constitutes "extraordinary and compelling reasons" to warrant a sentence reduction. *Id.* at 1180. The defendant bears the burden to demonstrate such "extraordinary and compelling reasons." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### A. Knight Has Failed to Exhaust His Administrative Remedies.

To be eligible for compassionate release, a defendant is required to show that he or she made a request for release to the prison warden and has either (a) exhausted all administrative appeals or (b) waited 30 days from the warden's receipt of the request, whichever is earlier. *See Sanford*, 986 F.3d at 781-82. Knight makes no mention of exhausting his administrative remedies in his motion. The government, however, has invoked the statute's exhaustion requirement and notes that Knight filed a request for compassionate release on January 11, 2023 (ECF No. 292-1) after he filed his motion for sentence reduction on November 2, 2022. Accordingly, Knight has not exhausted his administrative remedies and his request must be denied on that ground alone.

### B. Knight Has Not Presented Extraordinary and Compelling Reasons Warranting a Reduction in His Sentence.

Even if Knight had exhausted his administrative remedies, Knight must show that his case presents "extraordinary and compelling reasons [that] warrant ... a reduction" in his prison sentence. 18 U.S.C. §3582(c)(1)(A)(i). The Court evaluates motions brought under the "extraordinary and compelling" reasons prong of §3582(c)(1)(A) with due regard for the guidance provided in U.S.S.G. §1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g); and (3) whether the applicable sentencing factors in §3553(a) favor granting the motion. "[T]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *Newton*, 996 F.3d at 488 (citing *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020). As explained below, Knight has not presented an extraordinary and compelling reason warranting a sentence reduction under §3582(c)(1)(A).

#### 1. A Non-Retroactive Change to Sentencing Guidelines Is Not an Extraordinary and Compelling Reason Warranting Relief.

Knight argues he has presented extraordinary and compelling reasons warranting relief under §3582(c)(1)(A) because he would not face a mandatory life sentence if sentenced today. (ECF No. 287 at 5.) Specifically, after he was sentenced, the U.S. Supreme Court decided *United*

*States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines were advisory, not mandatory. Thus, if he were sentenced today, the district court would not be required to impose a life sentence.

This fact is not an extraordinary and compelling reason warranting relief under §3582(c)(1)(A). Rather, it is a consequence of the Seventh's Circuit's ruling in *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005), that *Booker*'s holding does not apply retroactively to criminal cases—like Knight's—that became final before January 12, 2005. This conclusion is supported by the Seventh Circuit's decision in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). In *Thacker*, the Seventh Circuit held that a non-retroactive change to the sentencing scheme in 18 U.S.C. §924(c) was not an extraordinary and compelling reason under §3582(c)(1)(A) because Congress had explicitly decided not to make the change retroactive. *Id*. at 576. While the retroactivity issue here is the result of a court ruling rather than a Congressional choice, the parallels between the present situation and *Thacker* caution against treating changes in the sentencing regime as grounds for compassionate release. Thus, under the rationale of *Thacker*, the fact that Knight would not face a mandatory life sentence if sentenced today is not an extraordinary and compelling reason for a lower sentence. *Thacker's* holding was recently reaffirmed by the Seventh Circuit in *United States v. Williams*, No. 22-121, 2023 WL 2924346 (7th Cir. Apr. 13, 2023), a case involving Troy C. Williams, Knight's second in command. In *Williams*, the Seventh Circuit declined Williams's invitation to reconsider the holding of *Thacker* and affirmed this Court's denial of Williams's motion for compassionate release on grounds that the fact that Williams would not necessarily face a mandatory life sentence today was not an extraordinary and compelling reason to lower his sentence and that a reduction was nevertheless inappropriate under the applicable Section 3553(a) sentencing factors. *See Williams*, 2023 WL 2924346, at *1.

### 2. The Sentencing Factors Under 18 U.S.C. §3553(a) Do Not Support a Reduction in Knight's Sentence.

Knight argues the Section 3553(a) sentencing factors support a reduction in his sentence from life to 30 years. (ECF No. 287 at 9.) Because the Court finds no extraordinary and compelling reasons warranting such a reduction, it need not determine whether the §3553(a) factors warrant release. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Nevertheless, for the sake of completeness, the Court will consider whether the defendant's release is appropriate in light of the §3553(a) sentencing factors.

Section 3553(a) requires that a court imposing a just sentence that is sufficient, but not greater than necessary, comply with the purposes of sentencing:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from future crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. §3553(a)(2). To those ends, a court must consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; ...
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [under the Sentencing Guidelines];
> (5) any pertinent policy statement [in the Sentencing Guidelines];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a)(1-7).

Knight argues that at age 54 years old, he is "practically a senior citizen" who is not a threat to society. (ECF No. 287 at 9.) Knight further contends that he is "trying to rehabilitate himself" as he attends GED classes and has completed a drug determent and other courses. (*Id.*) Based on the gravity of Knight's offense, his character and criminal history, and the need to protect the community, the Court sentenced Knight to two concurrent life terms. *Knight*, 342 F.3d at 701-04 (recounting Knight's role as the organizer and leader of this criminal drug organization). The Court applauds Knight's rehabilitation efforts and the family support that would be provided if Knight were to be released. (*See* ECF No. 293.) But a reduction of his sentence at this time is not warranted given the seriousness of the offense nor would it promote respect for the law. To the extent that Knight is arguing that he has achieved a level of rehabilitation that is sufficiently extraordinary and compelling to warrant a sentence reduction, his argument fails because the statute specifically provides that rehabilitation alone cannot be an extraordinary and compelling reason warranting relief under §3582(c)(1)(A). 28 U.S.C. §994(t). Knight's sentence remains appropriate and "not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. §3553(a)(1), (a)(2); *cf. Ugbah*, 4 F.4th at 598 (under §3582(c)(1) "a judge need consider the §

3553(a) criteria only 'to the extent that they are applicable.' Consideration of even one § 3553(a) factor may show that the others do not matter."). Because the applicable §3553(a) factors weigh against Knight's request for compassionate release, his motion must be denied.

## CONCLUSION

In sum, because this Court does not find that Amendment 782 lowers Knight's applicable guidelines range or that extraordinary and compelling circumstances exist for Knight's release or that a reduction of his sentence is consistent with the applicable §3553(a) factors, Knight does not meet the criteria for a sentence reduction or for compassionate release. Accordingly,

**IT IS ORDERED** that Knight's motion for sentence reduction pursuant to 18 U.S.C. §3582(c) (ECF No. 287) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge